IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEWELL LEE THOMAS, TDCJ No. 2350417, | § § § | |
| Petitioner, | § § | |
| | § | No. 3:23-cv-468-X-BN |
| V. | § § | (Consolidated with: |
| DIRECTOR, TDCJ-CID, | § § | No. 3:23-cv-469-X-BN) |
| Respondent. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE<br>UNITED STATES MAGISTRATE JUDGE**

Through *pro se* applications for a writ of habeas corpus under 28 U.S.C. § 2254 that have been consolidated into this action, Petitioner Jewell Lee Thomas challenges two Dallas County convictions for driving while intoxicated ("DWI"). *See State v. Thomas*, Nos. Nos. F18-31413-T & F18-10610-T (283d Jud. Dist. Ct., Dall. Cnty., Tex. May 27, 2021), *aff'd as modified*, Nos. 05-21-00471-CR & 05-21-00472-CR, 2022 WL 3500007 (Tex. App. – Dallas Aug. 18, 2022, pet. ref'd).

United States District Judge Brantley Starr referred Thomas's habeas claims to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

A response was ordered. *See* Dkt. No. 6. Thomas then amended, to add another claim. *See* Dkt. No. 8. And the Court allowed this amendment to the extent that it ordered a response to the new claim. *See* Dkt. No. 9.

A response urging the Court to dismiss the consolidated habeas application for failure to exhaust and as a mixed petition was filed. *See* Dkt. Nos. 18 & 19. And

Thomas failed to file a reply.

After the reply deadline expired, *see* Dkt. No. 6 at 3, the undersigned entered findings of fact and conclusions of law recommending that the Court dismiss the federal habeas claims without prejudice to allow Thomas an opportunity to properly exhaust his state remedies [Dkt. No. 20] (the "FCR").

Thomas has now responded to the FCR by filing an Emergency Motion for Stay and Abeyance and for Protective Petition [Dkt. No. 21] (the "Motion to Stay and Abate").

Through the Motion to Stay and Abate, Thomas informs the Court that he filed two new state habeas applications in the trial court on November 27, 2023. *See id.* at 3. And Thomas explains that he is concerned, based on *Ex parte Soffar*, 143 S.W.3d 804 (Tex. Crim. App. 2004), that the Texas Court of Criminal Appeals (the "CCA") "will not address [his] claims on the State level" should the Court accept or adopt the FCR and dismiss this action without prejudice for failure to exhaust. Dkt. No. 21 at 4-6. And, so, he requests that the Court stay and abate this action. *See id.*

The Court should deny the Motion to Stay and Abate.

While "[t]he United States Supreme Court has suggested that a petitioner is entitled to file a 'protective' petition in federal court and request stay and abeyance notwithstanding his failure to fully exhaust state remedies," *McCoy v. Louisiana*, No. 6:19-CV-00061, 2019 WL 1601722, at *1 (W.D. La. Apr. 15, 2019) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005)), "such a motion is only appropriate in limited circumstances," *id.* (citing *Rhines v. Weber*, 544 U.S. 269, 277 (2005)).

> Specifically, to be entitled to a *Rhines* stay, the petitioner must show: (1) good cause for his failure to exhaust his claims, (2) his unexhausted claims are not plainly meritless, and (3) there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *See id.* Good cause for failing to exhaust state avenues of relief is a balance of the interests served by the exhaustion requirement and finality with the clear instruction to litigants to ensure each federal claim has been taken to state court first. *See Rhines*, 544 U.S. at 276-77 (citing *Rose v. Lundy*, 455 U.S. 509, 520 (1982)). The Supreme Court has not articulated a specific test for good cause to justify stay and abatement. *See Pace*, 544 U.S. at 416. It has found that "reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause'" under *Rhines. Id.* at 416-17. Courts have also found good cause to stay and abate a mixed petition based on ineffective assistance of post-conviction counsel, the prosecution's wrongful withholding of evidence, or other external objective factors not fairly attributable to the petitioner. *See Doe v. Jones*, 762 F.3d 1174, 1182 (10th Cir. 2014) (canvassing reasons federal courts have found good cause to stay and abate).

*Id.* (citation modified); *see also Slater v. Davis*, 717 F. App'x 432, 439 (5th Cir. 2018) ("Permission to return to state court is a safety valve for unexhausted claims and, as such, is limited to situations where the district court finds 'that there was good cause for the failure to exhaust the claim; that the claim is not plainly meritless; and there is no indication that the failure was for the purposes of delay.' Further, the petitioner must show that he has remedies under state law." (quoting *Williams v. Thaler*, 602 F.3d 291, 309 (5th Cir. 2010); citing *Rhines*, 544 U.S. at 277-78)).

Thomas's request for stay and abeyance is based on a mistaken reading of *Soffar*, in which the CCA "decided to permit consideration of a subsequent state writ 'if the federal court having jurisdiction over a parallel writ enters an order staying all of its proceeding for the applicant to return to the appropriate Texas court to exhaust his state remedies.'" *Mathis v. Thaler*, 616 F.3d 461, 470 n.8 (5th Cir. 2010) (quoting *Soffar*, 143 S.W.3d at 807).

As explained in the FCR, Thomas, prior to seeking federal habeas relief, filed several state habeas applications concerning the DWI convictions before those convictions were final, and the CCA dismissed each petition for that reason. *See Ex parte Thomas*, WR-93,153-01, -02, -03, & -04 (Tex. Crim. App.) (each citing *Ex parte Johnson*, 12 S.W.3d 472 (Tex. Crim. App. 2000) (dismissing petition filed during the pendency of the direct appeal without prejudice for lack of jurisdiction)).

In general, Texas's habeas statute prevents subsequent writs.

Colloquially speaking, Section 4 of Article 11.07 usually "limit[s] a convicted person seeking post-conviction habeas relief to 'one bite at the apple.'" *Ex parte Saenz*, 491 S.W.3d 819, 824 (Tex. Crim. App. 2016) (quoting *Ex parte Torres*, 943 S.W.2d 469, 474 (Tex. Crim. App. 1997)); *see Ex parte Whiteside*, 12 S.W.3d 819, 821 (Tex. Crim. App. 2000) ("Under the plain language of the statute, once an applicant files an application challenging the conviction, all subsequent applications regarding the same conviction must meet one of the two conditions set forth in § 4(a)(1) & (2). The Legislature modified 'initial application' with the phrase 'challenging the same conviction' but did not so modify 'subsequent application.' The lack of any language modifying 'subsequent application' plainly indicates the Legislature's intent that 'subsequent applications' include *all* subsequent habeas corpus applications regarding the same conviction, rather than only those that 'challenge' the conviction." (emphasis in original)).

But triggering this one-bite rule requires a final disposition of an initial application.

"A final disposition only occurs when there is a denial of the application on the merits or 'a determination that the merits of the applicant's claims can never be decided.'" *Tipton v. Thaler*, 354 F. App'x 138, 141 (5th Cir. 2009) (per curiam) (quoting *Torres*, 943 S.W.2d at 474).

So "Texas's abuse of the writ doctrine does not bar a subsequent application if the initial application was filed before the state court acquired jurisdiction." *Id.* (citing *Torres*, 943 S.W.2d at 474).

And, because Thomas's initial state habeas applications were all dismissed on procedural grounds (lack of jurisdiction) – not denied on the merits – those dismissals were not final dispositions triggering Texas's one-bite rule.

This distinction between a denial on the merits (which triggers the one-bite rule) and a dismissal on grounds other than the merits (which does not) was set out in the FCR:

> Nor did Thomas raise claims to the CCA in a procedurally correct manner where the CCA dismissed the state habeas petitions because Thomas's direct appeal was still pending:
>> Under Texas practice, a "denial" generally signifies an adjudication on the merits while a "dismissal" means the claim was declined on grounds other than the merits. *See Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). Those labels, however, are not dispositive. *See id.* ("In determining the nature of a disposition, we look beyond mere labels to the substance of the action taken."); *Ex parte Thomas*, 953 S.W.2d 286, 289 (Tex. Crim. App. 1997) (same).
>
> *Chidi v. Lumpkin*, Civ. A. No. H-20-0698, 2021 WL 1060260, at *4 n.4 (S.D. Tex. Mar. 19, 2021).
>
> In this case, the substantive reason underlying the CCA's dismissal of the habeas applications – that Thomas's direct appeal was pending – "renders the claim[s] unexhausted for purposes of federal

> habeas review." *Sides v. Quarterman*, Nos. 3:08-cv-1099-O & 3:08-cv-1100-O, 2009 WL 2876245, at *2 (N.D. Tex. Sept. 4, 2009) (citation omitted).

Dkt. No. 20 at 5; *see also, e.g.*, *Gonzalez v. Davis*, Civ. A. No. 1:17-184, 2018 WL 2248518, at *3 (S.D. Tex. Apr. 20, 2018) ("On December 9, 2015, the Texas Court of Criminal Appeals dismissed that petition, because it did not comply with Tex. R. App. P. 73.1. The dismissal indicated that the Court of Criminal Appeals rejected the petition on procedural grounds, rather than a merits-based review of the record…. On January 11, 2017, the Texas Court of Criminal Appeals denied Gonzalez's petition without a written order. The denial signified that the Appeals Court had considered the merits of Gonzalez's petition and found that relief was not warranted." (citations omitted)), *rec. adopted*, 2018 WL 2246357 (S.D. Tex. May 15, 2018).

For these reasons, Thomas's concerns based on *Soffar* are unfounded. Consequently, he has not shown good cause to stay and abate this proceeding. And the Court should deny the Motion to Stay and Abate and accept or adopt the FCR.

## Recommendation

The Court should deny Petitioner Jewell Lee Thomas's Emergency Motion for Stay and Abeyance and for Protective Petition [Dkt. No. 21] and enter judgment dismissing this federal habeas action without prejudice to Thomas's right to properly exhaust state remedies.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV.

P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 9, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE